UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LYNNE S.-M.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. C19-5573-MLP

ORDER

## I. INTRODUCTION

Plaintiff appeals denial of her application for Supplemental Security Income, contending the administrative law judge ("ALJ") erred by finding no severe mental impairment and discounting her testimony and her fiancé's statements. (Dkt. # 12.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II. BACKGROUND

Plaintiff was born in 1963, has a high school education, and has worked as a hotel/motel clerk. AR at 98, 44, 25. Plaintiff applied for benefits on October 13, 2016, and alleges disability as of the application date. *Id.* at 17. After taking testimony from Plaintiff and a vocational expert

at a hearing in April 2018,[1] the ALJ issued a decision in August 2018 finding Plaintiff not disabled under the five-step disability evaluation process. *Id.* at 32-96, 15-26; 20 C.F.R. § 416.920. At step two the ALJ found Plaintiff had the severe impairments of lumbar spine degenerative disc and joint disease, diabetic neuropathy, and obesity, but rejected claims of severe mental impairments. AR at 17, 19-20. The ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work with additional limitations on climbing, handling, fingering, foot use, and exposure to vibration and cold. *Id.* at 21. With that RFC, at step four the ALJ found Plaintiff could perform her past work as a hotel/motel clerk. *Id.* at 25-26.

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d

---

[1] The Court declines to address Plaintiff's argument, raised in a single sentence and a footnote in the reply brief, that the ALJ was not properly appointed at the time of the hearing. (Dkt. #14 at 10.) *See Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929-30 (9th Cir. 2003) (court "will not consider any claims that were not actually argued in appellant's opening brief").

ORDER - 2

1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV. DISCUSSION

**A. The ALJ Did Not Err by Discounting Plaintiff's Testimony**

*1.   Legal Standard for Evaluating the Plaintiff's Testimony*

It is the province of the ALJ to determine what weight should be afforded to a claimant's testimony, and this determination will not be disturbed unless it is unsupported by substantial evidence. A determination of whether to accept a claimant's subjective symptom testimony requires a two-step analysis. 20 C.F.R. § 416.929; *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). First, the ALJ must determine whether the claimant's medically determinable impairments reasonably could be expected to cause the claimant's symptoms. 20 C.F.R. § 416.929(b); *Smolen*, 80 F.3d at 1281-82. Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of symptoms solely because they are unsupported by objective medical evidence. *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence showing that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's testimony. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014) (citing *Molina*, 674 F.3d at 1112). *See also Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007).

### 2. *The ALJ Did Not Err by Discounting Plaintiff's Testimony*

Plaintiff testified she can only stand for five or six minutes, sit for ten to fifteen minutes, walk about half a block, and carry only lightweight articles such as a phone. AR at 74-75. The ALJ discounted Plaintiff's testimony as inconsistent with conservative treatment and failure to follow treatment recommendations to stop smoking, and undermined by a lack of supporting objective medical evidence. *Id.* at 22-24.

"[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." *See Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007)); *see also Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999) (rejecting subjective pain complaints where "claim that she experienced pain approaching the highest level imaginable was inconsistent with the 'minimal, conservative treatment' that she received"). Plaintiff's pain was treated with gabapentin throughout the relevant period, and oxycodone around the alleged onset date. AR at 23, 461. Plaintiff contends the ALJ erred by failing to acknowledge she was no longer taking oxycodone. (Dkt. # 12 at 8.) If anything, this shows Plaintiff's pain was managed even more conservatively than the ALJ indicated. Plaintiff argues that stopping oxycodone "is fully consistent with her hearing testimony that her pain was no longer well-controlled." (Dkt. # 14 at 7.) But Plaintiff did not testify to any change in her pain level when she stopped taking oxycodone. She testified she has had the pain since 2012. AR at 59. Plaintiff argues that only conservative treatments are available for her conditions (dkt. # 14 at 7), but acknowledges that she is no longer taking the stronger, narcotic medication. *Id.* at 53, 61. The ALJ's finding that Plaintiff's pain was managed with conservative treatment was supported by substantial evidence and was a clear and convincing reason to discount her testimony.

The ALJ also discounted Plaintiff's testimony because she failed to follow repeated treatment recommendations to stop smoking. AR at 24; *see Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("an unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment" can constitute a sufficient reason for discrediting a claimant's symptom testimony). Plaintiff argues her failure to follow these recommendations is explained by the addictive nature of nicotine. (Dkt. # 12 at 9.) But Plaintiff was able to stop smoking for a year during the relevant period, indicating she was able to overcome the addictive nature of nicotine. AR at 510, 479. Under these circumstances, the ALJ permissibly inferred that Plaintiff's failure to follow treatment recommendations undermined her testimony of debilitating impairments. *See Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record.").

Extensive normal clinical findings, such as normal gait and strength, provided further support for discounting Plaintiff's testimony. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis.").

The ALJ did not err by discounting Plaintiff's testimony.

**B. The ALJ Did Not Harmfully Err in Evaluating Plaintiff's Severe Impairments**

Plaintiff contends the ALJ erred by finding her depressive disorder non-severe at step two and including no mental limitations in the RFC. Plaintiff concedes no medical opinion establishes any functional limitations due to depression, but argues the ALJ should have included limitations in the RFC based on Plaintiff's testimony. (Dkt. # 12 at 3.) Because the ALJ found in Plaintiff's favor at step two, she "could not possibly have been prejudiced" at that step. *Buck v.*

*Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). And, in the RFC determination, Plaintiff fails to show prejudice because she identifies no functional limitations resulting from depression. She cites symptoms such as crying, fainting, throwing up, and not liking going out, but identifies no work-related functional limitations. (Dkt. # 14 at 4.)

Next Plaintiff provides a long summary of treatment notes regarding various physical conditions and argues that, because such conditions could reasonably be expected to cause the limitations she described in her testimony, the ALJ erred by failing to include limitations in the RFC based on her testimony. (Dkt. # 12 at 5-7.) As discussed above, the ALJ reasonably discounted Plaintiff's testimony of physical limitations. The ALJ did not err by failing to include limitations in the RFC based on properly rejected testimony.

Plaintiff also argues the ALJ failed to fully and fairly develop the record by seeking mental and physical evaluations. (Dkt. # 12 at 5, 7.) However, "[a]n ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). The record contains extensive treatment notes regarding Plaintiff's mental and physical condition, and Plaintiff identifies no ambiguity or inadequacy in the record that would trigger the ALJ's duty to develop the record.

### C. The ALJ Did Not Err by Discounting Lay Witness Statements

An ALJ may discount lay witness testimony by giving a germane reason. *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017). Plaintiff's fiancé submitted statements in November 2016 and February 2017 describing Plaintiff's mental and physical condition. AR at 260-67, 279-86. The ALJ discounted the statements as inconsistent with objective findings and Plaintiff's

activities. *Id.* at 25. Plaintiff asserts the ALJ's reasons are "not supported by substantial evidence" and "not germane." (Dkt. # 12 at 15.)

Lay witness testimony may be rejected if contradicted by medical evidence but not, as Plaintiff notes, on the grounds that it merely lacks support from medical evidence. *Bayliss*, 427 F.3d at 1218; *Diedrich*, 874 F.3d at 640. Here the ALJ permissibly found Plaintiff's fiancé's extreme statements, such as that Plaintiff "can't walk or sit," inconsistent with clinical findings such as ability to walk with a normal gait and full strength in all extremities. AR at 284; *id.* at 25 (citing *id.* at 537); *id.* at 23 (citing *id.* at 381). Similarly, the ALJ permissibly found his extreme statements as to Plaintiff's mental condition, such as that she does not speak or communicate with anyone except her daughter and screams at everyone, inconsistent with typically normal mental status examinations, including normal behavior, mood, and affect. *Id.* at 285, 260; *id.* at 20 (citing, *e.g.*, *id.* at 367, 381, 477).

The ALJ did not err by discounting Plaintiff's fiancé's lay witness statements.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 26th day of March, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge